UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Respondent,

-against-

JAMAINE LAWRENCE,

                Petitioner.
-----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
06-CR-807 (CBA)

AMON, United States District Judge:

On February 16, 2010, petitioner Jamaine Lawrence ("Lawrence") filed this motion pursuant to "Title 5 U.S.C. Amendment 701-706" asking this Court to declare that a five year mandatory minimum sentence applies to his conviction based on the government's alleged failure to file a prior felony information. See Petitioner's Motion at 1-2 ("Mot."), Docket Entry 20. He seeks such a declaration in order to become eligible for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2), which does not permit sentencing reductions below a statutory mandatory minimum. Mot. at 3. See United States v. Campbell, No. 03-CR-537 (RJD), 2008 WL 1957773 at *1 (E.D.N.Y. May 5, 2008). For the reasons set forth below, Lawrence's motion is denied.

## BACKGROUND

On December 7, 2006, a grand jury returned an indictment charging Lawrence with two counts of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1). Docket Entry 2. Count One charged Lawrence with distributing at least five grams of cocaine base ("crack") and an unspecified amount of heroin. Id. Count Two charged Lawrence with distributing at least five grams of crack. Id.

- 1 -

On January 4, 2007, the government filed a prior felony information, as required by 21 U.S.C. § 851(a)(1). See 2/26/10 Govt. Letter at 2-3, Docket Entry 21 (attaching Prior Felony Information, previously filed as Docket Entry 4)[1]. The Prior Felony Information stated as follows:

> On or about October 3, 2002, the defendant JAMAINE LAWRENCE, also known as "Jermaine Lawrence," was convicted in the United States District Court for the Southern District of New York of a felony drug offense, to wit: Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance in violation of Title 21, United States Code, Section 846.
>
> This information is filed with the Court and served on the defendant pursuant to Title 21, United States Code, Section 851(a)(1), as notice of the prior conviction to be relied upon for increased punishment under Title 21, United States Code, Section 841(b).

Id. The effect of this prior felony information was to raise the mandatory minimum sentence on both counts of the indictment from five to ten years, and the maximum sentence from 40 years to life. 21 U.S.C. §§ 841(b)(1)(B)(iii) & 851(a)(1).

Subsequently, Lawrence pled guilty to Count One of the Indictment on February 9, 2007, pursuant to a plea agreement. The Court sentenced Lawrence principally to 120 months' imprisonment on May 4, 2007, and judgment was entered on May 9, 2007. Lawrence did not appeal.

## DISCUSSION

Lawrence purports to invoke the jurisdiction of this court pursuant to "Title 5 U.S.C. Amendment 701-706". Mot. at 1. Those provisions, which relate to judicial review of agency actions, are inapplicable to the instant motion. Despite a liberal review of Lawrence's motion, the Court is unable to discern a basis for jurisdiction over his request. He cannot rely on 28

---

[1] As noted in the government's letter to the court, the government's February 26, 2010 letter erroneously stated that the prior felony information was filed in February 2007.

U.S.C. § 2255 to challenge his sentence because pursuant to his plea agreement he waived his right to file a § 2255 petition. Even if he had not waived his rights, any § 2255 petition would be untimely because more than one year has elapsed since the date on which Lawrence's judgment of conviction became final. 28 U.S.C. § 2255(1). Moreover, even were his request within the statute of limitations, Lawrence's failure to raise his sentencing challenge on appeal would preclude § 2255 relief "unless he can establish both cause for the procedural default and actual prejudice resulting therefrom or that he is 'actually innocent' of the crime of which he was convicted." DeJesus v. United States, 161 F.3d 99, 102 (2d Cir. 1998) (citations omitted). Lawrence can make no such showing. Finally, even if Lawrence were able to overcome the procedural default, the basis of his request is without merit. The government filed a prior felony information prior to Lawrence's plea. See 2/26/10 Letter at 2-3.

Accordingly, Lawrence's motion is denied and the case is dismissed. The Clerk of the Court is directed to enter judgment in accordance with this opinion and close this case.

SO ORDERED.

Dated: Brooklyn, New York
April 17, 2010

s/Hon. Carol B. Amon
Carol Bagley Amon
United States District Judge