UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES,

                            Government,

-against-

JAMES LAWRENCE,

                            Defendant.
-----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
06-cr-807

FEB 15 2012

BROOKLYN OFFICE

**AMON, Chief United States District Judge.**

Before the Court is James Lawrence's motion for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c), in light of Amendment 750 to the Guidelines and the Fair Sentencing Act of 2010, which lowered the base offense level for offense involving cocaine base.

On December 7, 2006, a grand jury returned an indictment charging Lawrence of two counts of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1). On January 4, 2007, the government filed a prior felony information pursuant to 21 U.S.C. § 851(a)(1), which stated that Lawrence previously was convicted in the United States District Court for the Southern District of New York of the felony drug offense of conspiracy to distribute and possess with intent to distributed a controlled substance in violation of 21 U.S.C. § 846. The prior felony information raised Lawrence's mandatory minimum sentence on both counts of the indictment from five to ten years under 21 U.S.C. § 841(b)(1)(B)(iii). On February 9, 2007, Lawrence plead guilty to one count of distributing at least five grams of cocaine base in violation 21 U.S.C. 841(a). The court sentenced Lawrence to the mandatory minimum of 120 months imprisonment.

18 U.S.C. § 3582(c)(2) provides, in relevant part, that a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." The defendant is not eligible for relief under this statute because his sentence was not based on a sentencing range that has been subsequently lowered, but instead was based on the statutory mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B)(iii). See United States v. Midyett, 2011 WL 5903672, at *2 n.2 (2d Cir. Nov. 28, 2011) (summary order) (holding that the Fair Sentencing Act of 2010 "cannot benefit a defendant . . . who received the mandatory minimum term of imprisonment applicable at the time he was sentenced"); United States v. Williams, 551 F.3d 182 (2d Cir. 2009) (finding the defendant "ineligible for a modification of his sentence under § 3582(c)(2) because his sentence was based on the statutory mandatory minimum," not a sentencing range that was subsequently lowered); United States v. Brown, 2011 WL 6153603, at *2 (E.D.N.Y. Dec. 12, 2011) (same). Accordingly, Lawrence's motion for a sentence reduction is denied.

SO ORDERED.

Dated: February 13, 2012
Brooklyn, N.Y.

s/CBA

Carol Bagley Amon
Chief United States District Judge